UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RANDALL PIKE, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. 2:15-cv-00134-WTL-WGH |
| STANLEY KNIGHT, | ) ) ) |
| Respondent. | ) |

**Entry Dismissing Insufficient Claims and Order to Show Cause - Discipline Case**

**I.**

The petitioner's motion to proceed *in forma pauperis* [dkt. 2] is **denied** because he has sufficient funds to pay the Five Dollar ($5.00) filing fee. He shall have **through June 18, 2015,** in which to pay the filing fee to the clerk of the Court.

**II.**

Rule 4 of the *Rules Governing Section 2254 Cases in United States District Courts* provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." "[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The petitioner challenges a disciplinary conviction for Class B-215 theft that was issued on December 19, 2014, in No. ISF14-12-0142 at Putnamville Correctional Facility. He brings twelve claims, eight of which must be dismissed for the reasons explained in this Entry.

Ground One alleges that the conduct report was not submitted to the reporting officer's supervisor for review within 24 hours of the incident, and the conduct report was not signed by a supervisor.

Ground Two alleges that the hearing was set 16 working days after the incident.

Ground Five alleges that the report of disciplinary hearing form was not approved and signed by the Superintendent or his designee.

Ground Nine alleges that it took more than thirty (30) days for the petitioner to receive a response to his appeal.

Ground Ten alleges that his appeal response was delivered in the regular institutional mail and he was not required to sign for it.

Grounds One, Two, Five, Nine, and Ten allege violations of provisions of the Indiana Department of Correction ("IDOC") Manual of Policies and Procedures and, therefore, such claims are without merit because habeas corpus relief cannot be based upon a violation of state law. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief); *Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (in a habeas action, an inmate "has no cognizable claim arising from the prison's application of its regulations."). These claims are **dismissed** for failure to state a claim upon which relief can be granted.

Ground Three alleges that the notice of confiscation form was "slid in" on him at screening. He said he signed it at screening not knowing what it was. He alleges that there was a "sign-here" marking at the bottom of the form, which he contends was improper. The Court discerns no "sign-

here" marking on the form, nor any violation of due process based on this claim. Ground Three is **dismissed** for failure to state a claim upon which relief can be granted in this habeas action.

Grounds Eleven and Twelve allege that the petitioner's rights under the Indiana Constitution and the Eighth Amendment to the United States Constitution were violated when prison staff failed to follow proper state policies during the disciplinary proceedings. The due process clause of the Fourteenth Amendment is the applicable and proper constitutional provision in this action. If the petitioner wishes to assert a claim challenging any conditions of his confinement, he must do so under the civil rights law, 42 U.S.C. § 1983. *See Glaus v. Anderson,* 408 F.3d 382, 387-88 (7th Cir. 2005); *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). Because Grounds Eleven and Twelve are challenges based on inapplicable provisions of the state and federal constitution, they are **dismissed.**

In sum, Grounds One, Two, Three, Five, Nine, Ten, Eleven, and Twelve are **dismissed** for failure to state a claim upon which relief can be granted. No final judgment shall issue as to the claims dismissed in this Entry.

### III.

The petitioner's custodian is directed to answer the allegations of **Ground Four (denied evidence), Ground Six (no evidence of value of property), Ground Seven (insufficient evidence to support the charge), and Ground Eight (not informed that he was being written up)** of the petitioner's petition for a writ of habeas corpus alleging insufficient evidence, and in doing so shall **show cause** why the relief sought by the petitioner should not be granted. This shall be done **not later than June 22, 2015.** The petitioner shall have twenty-eight (28) days after service of such answer or return to order to show cause on him in which to reply.

A copy of this Entry and Order to Show Cause shall be sent to the Indiana Attorney General through a Notice of Electronic Filing ("NEF") generated by the court's CM/ECF case management system. The Indiana Attorney General has previously been provided with a copy of the habeas petition itself.

**IT IS SO ORDERED.**

Date: 5/18/15

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Randall Pike
#950535
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. 40
Greencastle, IN 46135-9275

habeas@atg.in.gov