UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RANDALL PIKE, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. 2:15-cv-00134-WTL-MJD |
| ) | |
| BRIAN SMITH, ) | |
| Respondent. ) | |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Randall Pike for a writ of habeas corpus challenges a prison disciplinary proceeding in ISF 14-12-0142 in which he was found guilty of theft. For the reasons explained in this entry, Mr. Pike's habeas petition must be **denied**.

**The clerk shall substitute** as the respondent the petitioner's current custodian, in his official capacity, the Superintendent of Putnamville Correctional Facility.

**I. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Jones v. Cross,* 637 F.3d 841, 845 (7th Cir. 2011); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On November 29, 2014, Captain B. West wrote a Report of Conduct in case ISF 14-12-0142 charging Mr. Pike with theft. The Report of Conduct states:

> On 11-29-14 at approx. 1550 pm I, B. West was working in the back of the PDR when I observed Offender Pike, Randall # 950535 getting ready to leave. I saw that his coat was bulging and I told him to drop what he had stolen. He dropped two bags of raw meat and a small bag of ham. Items were confiscated and destroyed, picture taken. Offender was identified by his state ID and PDR count letter.

Dkt. 9-1.

On December 5, 2014, Mr. Pike was notified of the charge of theft and served with the Report of Conduct and the Notice of Disciplinary Hearing "Screening Report". Mr. Pike was notified of his rights, pled not guilty and requested the appointment of a lay advocate. He did not request any witnesses or physical evidence.

The hearing officer conducted a disciplinary hearing in ISF 14-12-0142 on December 19, 2014. At the hearing, Mr. Pike stated, "I got some stuff out of the trash. I seen Cpt. West was working Aramark that day. She was pat searching people. She said if you have anything better throw it down which I did. Didn't think she was writing me up." Dkt. 9-3, p.1. The hearing officer found Mr. Pike guilty of the charge of theft. In making this determination, the hearing officer considered the offender's statements and staff reports. The hearing officer recommended and approved the following sanctions: a written reprimand, 30 days lost phone privileges, $10 in restitution, and a 60 day deprivation of earned credit time. He imposed those sanctions because of the seriousness of the offense and the degree to which the violation disrupted/endangered the security of the prison.

Mr. Pike's appeals were denied. This habeas petition followed.

### III. Analysis

Mr. Pike alleges that his due process rights were violated during the disciplinary proceeding. Eight of his claims were dismissed by the Court when the habeas petition was screened under Rule 4. Mr. Pike's remaining four claims are: 1) (Ground Four) he was denied evidence; 2) (Ground Six) there was no evidence of the value of the property; 3) (Ground Seven) the evidence was insufficient to support the charge; and 4) (Ground Eight) he was not informed that he was being written up.

Mr. Pike's first claim is that prison staff refused to give him a copy of the photographs of the bags of meat. He alleges that he was told at screening that they did not have to give him a copy of them. At the hearing a photograph of the meat that Mr. Pike was accused of stealing was presented as an attachment to the conduct report. Dkt. 9-1. Moreover, there is no record that Mr. Pike requested any physical evidence at screening. Dkt. 9-2. Mr. Pike's claim is that they refused to give him a copy of the photograph, but he is not entitled to retain a copy of evidence. He does not contend that he was not given an opportunity to see the photograph at screening. There was no due process violation under these circumstances.

Mr. Pike's next claim is that he was unlawfully ordered to pay $10.00 in restitution for meat that had been discarded as trash. He contends that the amount of the loss was not $10.00. This claim is not subject to review because the imposition of a restitution sanction does not result in the imposition of "custody" subject to challenge in a 28 U.S.C. § 2254 action. *Virsnieks v. Smith*, 521 F.3d 707, 718 (7th Cir. 2008) ("orders of restitution, fines and the revocation of medical and driver's licenses do not satisfy the 'in custody' requirement.").

His third claim is that there was insufficient evidence to support the charge of "theft." He argues that at most he committed an offense of obtaining more meals or food items than was

authorized. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

The conduct report states that Mr. Pike stole meat by hiding it in his coat. He was charged with a B215 offense, "unauthorized possession of property." At the hearing, Mr. Pike stated that he had picked the meat out of the trash. The conduct report and his statement constituted sufficient evidence to support the charge that he was not authorized to have the meat. There was no due process error in this regard.

Mr. Pike's final claim is that he was not notified at the time he was caught with the meat on November 29, 2014, that he would be written up. The respondent argues that this claim was not raised in the administrative appeal process, so it has been waived. *See Markham v. Clark*, 978 F.2d 993, 995 (7th Cir. 1992) (holding that the principles of exhaustion of available state remedies apply to prison disciplinary proceedings). It could be argued, however, that Mr. Pike did raise this claim on appeal when he stated that the reporting officer failed to turn in the conduct report within 24 hours of his/her shift. In any event, even if this claim had not been waived, there is no due process violation here. Due process requires that an inmate receive notice of a charge at least 24 hours before the hearing. *Jones v. Cross,* 637 F.3d at 845. Mr. Pike was screened on the charge on December 5, 2014, and the hearing was conducted on December 19, 2014. Mr. Pike received constitutionally adequate notice of the charge.

To the extent Mr. Pike argues that any other Indiana Department of Correction policy time frames were not met, such a claim is not viable in a federal habeas case. *See Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (an inmate "has no cognizable claim arising from the prison's application of its regulations."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief).

Mr. Pike was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the decision. Under these circumstances, there were no violations of Mr. Pike's due process rights.

### IV.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Pike's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Date:  4/25/16

NOTE TO CLERK:  PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.

Distribution:

Electronically registered counsel

Randall Pike
#950535
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. 40
Greencastle, IN 46135-9275